W. P. SHUFORD & WIFE *v.* THEODORE & JULIA RAMSOUR,
Exr's. of C. H. RAMSOUR.

Where the agent of an infant loaned its money in 1858 to a firm of
which he himself was a member, and in April 1863 collected it in
Confederate money, the firm being entirely solvent, *Held*, that he
was liable to such infant for the consequent loss.

EXCEPTIONS to a report, tried before *Logan, J.*, at CATAWBA,
Spring Term 1869.

The facts appear in the Opinion.

His Honor overruled the exception, and the defendants
appealed.

*Bragg,* for the appellant.

*Bynum, contra.*

SETTLE, J. The two exceptions filed by the plaintiff to the
report of the master, were properly abandoned in this Court.

All of the exceptions by the defendants are overruled:

On the 14th day of September 1858 David Ramsour, the
grandfather of the complainant Emma E. Shuford, then an
infant of tender years, paid into the hands of his son, C. H.
Ramsour, the sum of six hundred and thirty dollars for the
benefit of the said Emma; and the said C. H. Ramsour gave
his receipt for the same, and signed it as agent of the said
Emma. On the same day the said C. H. Ramsour, loaned the
said six hundred and thirty dollars to the firm of C. H. Ram-
sour & Co., and took their note for the same, and it is admit-
ted that the note was then, and continued to be "perfectly
good" until it was paid off on the 14th day of April 1863.

The question very naturally occurs, why did C. H. Ramsour
collect of C. H. Ramsour & Co., Confederate money, in April
1863, in payment of a note admitted to be perfectly good, given
in 1858 for good money? He accepted the trust of managing
this fund, and it seems that he did so by letting his house have

SHUFORD v. RAMSOUR.

the use of it for four years and seven months. This was all very well, for their note was perfectly good.

But no satisfactory reason is given for changing the investment so late as 1863. It is not even suggested that the firm of C. H. Ramsour & Co., had quit business, or were closing up their accounts, or that other members of the firm insisted upon paying the said note. The change may have been a prudent one for C. H. Ramsour as a member of the firm of C. H. Ramsour & Co., but it cannot be contended that it was so for C. H. Ramsour as agent of the complainant Emma.

This case is easily distinguished from others which have been before this Court, involving questions as to the receipt of Confederate money. We need not say, for the purpose of charging the defendant with this fund, that the facts presented suggest bad faith, it is sufficient to say that a prudent man would have exercised better care in relation to his own affairs.

We see no error in the ruling of his Honor.

PER CURIAM.                                    Exceptions overruled.